UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )
v.                             )        No. 3:08-CR-149
                               )
LONNIE HOWARD PATRICK, JR.,    )        (VARLAN/GUYTON)
                               )
              Defendant.       )
                               )

## MEMORANDUM AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. §

636(b) for disposition or report and recommendation regarding disposition by the District Judge as

may be appropriate. This matter is before the Court on the Defendant's Motion to Preclude

Introduction of Prior Convictions [Doc. 31], filed on July 1, 2009. The Defendant is charged [Doc.

25] with being a felon in possession of a semi-automatic pistol (Count One) and knowingly

possessing the semiautomatic pistol after having been convicted of a domestic violence

misdemeanor (Count Two), both of which are alleged to have occurred on June 5, 2008. The motion

challenges the admission of evidence of the substance of his prior convictions.

Relying on Old Chief v. United States, 519 U.S. 172 (1997), the Defendant asks the

Court to bar the Government from presenting any evidence of his prior convictions due to the risk

of unfair prejudice. He argues that the introduction of his prior convictions presents the danger of

unfair prejudice because the jury will generalized that because he committed these bad acts, he has

a bad character and is more likely to have committed the offenses with which he is charged. He

requests that any reference to the nature of his prior convictions be redacted from all documents and

1

any testimony.  The Defendant states that he is willing to stipulate to his prior convictions for purposes of the trial.

The Government responds [Doc. 32] that it does not object to the Defendant's motion if the Defendant stipulates to his felony conviction and his misdemeanor conviction of domestic violence pursuant to Old Chief.  Otherwise, it maintains that it is entitled to prove the Defendant's prior convictions at trial.

The Supreme Court has held that if a defendant charged with a violation of 18 U.S.C. § 922(g) agrees to stipulate to a prior conviction, the Government may not present evidence of the name or nature of that prior conviction at trial.  Old Chief, 519 U.S. at 178, 186.  The Court finds that the Defendant has agreed to stipulate to his prior convictions and that the Government has agreed to accept this stipulation instead of presenting evidence of the nature of the prior convictions at trial.  Accordingly, the Court finds that the Defendant's Motion to Preclude Introduction of Prior Convictions [**Doc. 31**] is **DENIED as moot**.  If the Defendant ultimately does not stipulate to his prior convictions or if the parties disagree about the effect of the stipulation on the admissibility of other evidence to be presented, they may address these matters to the District Judge at trial.

**IT IS SO ORDERED.**

ENTER:


_____ s/ H. Bruce Guyton _____
United States Magistrate Judge

2